IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO BARKER HERNANDEZ : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 23-46 |
| ISAAC FULWOOD, ET AL. : | |

**MEMORANDUM**

**Padova, J.**                                                                                        February 13, 2023

      Plaintiff Alfonso Barker Hernandez, who is currently incarcerated at the Federal Detention Center ("FDC") in Philadelphia, has filed a Motion and Application to Proceed In Forma Pauperis, as well as an Amended Complaint.[1] The Amended Complaint asserts a claim against Defendants Isaac Fulwood, Patricia Vines, Stephen T. Nasko, Reginald D. Michael, Karen G. Anderson, Jennifer L. Roath, and Juan F. Lora in connection with their work for the United States District Court for the Southern District of Florida Office of Probation and/or the United States Parole Commission. For the reasons that follow, Plaintiff's Motion and Application are granted but his Amended Complaint is dismissed.

**I.    FACTUAL ALLEGATIONS**

      Plaintiff appears to assert that he is detained at the FDC in Philadelphia in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Specifically, the Court understands Plaintiff to be alleging that he was transported to the FDC in

---

[1] On January 3, 2023, Plaintiff commenced this action by filing a Motion to Appoint Counsel. The relief Plaintiff sought with that Motion was unclear because, at that time, Plaintiff had no case pending before this Court. Nonetheless, in an abundance of caution, we treated the submission as a complaint, opened a civil action, and sent Plaintiff a blank copy of the Court's form petition for a writ of habeas corpus and form complaint for a civil action. On January 26, 2023, Plaintiff filed the Amended Complaint on the Court's form complaint for a civil action. Accordingly, we treat this case as a civil action.

Philadelphia on March 29, 2022, when he should have been released from custody, pursuant to a warrant for an alleged violation of his supervised release that either does not exist or should not have been issued. He further alleges that his continued incarceration past his original release date has prevented him from receiving proper care for his medical conditions, including his cancer, high blood pressure, and epididymis. He seeks immediate release from custody, as well as monetary damages.

## II.   STANDARD OF REVIEW

The Court will presumptively grant Plaintiff leave to proceed in forma pauperis because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim for relief. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). "At this early stage of the litigation, [w]e accept the facts alleged in [the pro se] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [the] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (first, third, and sixth alteration in original) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

---

[2] Because Plaintiff is a prisoner, he must still pay the $350 filing fee in installments, as required by the Prison Litigation Reform Act.

**III.    DISCUSSION**

In the Amended Complaint, Plaintiff seeks immediate release from the FDC in Philadelphia, as well as monetary damages, alleging that he is imprisoned in violation of his constitutional rights.  Insofar as Plaintiff seeks immediate release from incarceration through this civil action, Plaintiff's Amended Complaint is dismissed because his only means of obtaining that relief is through a petition for writ of habeas corpus.  See Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993) ("[I]f a prisoner challenges 'the fact or length of [his] confinement,' then his sole federal remedy is a writ of habeas corpus, 28 U.S.C. §§ 2254, 2255 . . . ." (citing Preiser v. Rodriquez, 411 U.S. 475 (1973))).  However, insofar as Plaintiff seeks monetary damages against Defendants, all of whom are/were federal officers, this action may proceed if Plaintiff has pled sufficient facts to plausibly state a Bivens claim.  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 392 (1971) (recognizing a private cause of action to recover damages against a federal agent for violations of constitutional rights); Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) (stating that the "purpose of Bivens is to deter individual federal officers from committing constitutional violations" by subjecting them to personal liability).

In Bivens, the United States Supreme Court "broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." Hernandez v. Mesa, 140 S. Ct. 735, 741 (2020).  The Supreme Court "subsequently extended Bivens to cover two additional constitutional claims:" (1) "a former congressional staffer's Fifth Amendment claim of dismissal based on sex," and (2) "a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment."  Id. (discussing Davis v.

Passman, 442 U.S. 228 (1979) and Carlson v. Green, 446 U.S. 14 (1980)).  Since those decisions, however, "the Supreme Court has plainly counseled against creating new Bivens causes of action." Vanderklok v. United States, 868 F.3d 189, 199 (3d Cir. 2017); see also Hernandez, 140 S. Ct. at 742 (stating that the "expansion of Bivens is a disfavored judicial activity" (internal quotations marks and citation omitted)).

Rather, the Supreme Court "has repeatedly refused to [further] extend Bivens actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." Vanderklok, 868 F.3d at 200 (citations omitted).  Instead, the Supreme Court "has established a rigorous inquiry that must be undertaken before implying a Bivens cause of action in a new context or against a new category of defendants." Id. (citing Wilkie v. Robbins, 551 U.S. 537, 550 (2007)).  Pursuant to this inquiry, courts must first "determine whether a case presents 'a new Bivens context[,]' by asking whether or not the case 'is different in a meaningful way from previous Bivens cases decided by [the Supreme] Court[.]'" Bistrian v. Levi, 912 F.3d 79, 89-90 (3d Cir. 2018) (quoting Ziglar v. Abbasi, 137 S. Ct. 1843, 1859 (2017)); see also Hernandez, 140 S. Ct. at 743 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." (citations omitted)).  "If the case does present an extension of Bivens into a new context, we turn to the second step . . . and ask whether any 'special factors counsel[ ] hesitation in permitting the extension." Bistrian, 912 F.3d at 90 (alteration in original) (quoting Abbasi, 137 S. Ct. at 1857). "There may be many such [special] factors, but two are particularly weighty: the existence of an alternative remedial structure and separation-of-powers principles." Id. (citing Abbasi, 137 S. Ct.

at 1857-58). The existence of an alternative remedial structure "may by itself 'limit the power of the Judiciary to infer a new Bivens cause of action.'" Id. (quoting Abbasi, 137 S. Ct. at 1858).

Here, Plaintiff appears to assert a Bivens claim against federal parole commission personnel and/or federal parole officers, alleging that he is incarcerated in violation of his constitutional rights because they executed a warrant for his arrest in connection with an alleged violation of his supervised release. These factual allegations assert a new Bivens claim because they involve a new class of defendants—federal parole officers—and a new category of official action—the execution of a warrant for an alleged violation of supervised release. See Abbasi, 137 S. Ct. at 1859-60 (noting that a case may differ "in a meaningful way from previous Bivens cases" through, inter alia, "the rank of the officers involved" or the "specificity of the official action"); cf. Bivens, 403 U.S. at 389 (involving a warrantless search and seizure, but not one by federal parole officers for an alleged violation of supervised release); Davis, 442 U.S. at 230-31 (involving a claim of sex discrimination against a congressman); Carlson, 446 U.S. at 16 (involving a claim of denial of medical care against federal prison officials). Therefore, at the first step of the Bivens inquiry, we conclude that Plaintiff's allegations present a "new Bivens context." Abbasi, 137 S. Ct. at 1859.

At the second step of the Bivens inquiry, we recognize that Plaintiff's allegations fit squarely within an alternative remedial structure—a petition for writ of habeas corpus—which discourages us from extending Bivens to Plaintiff's case. Congress passed the federal habeas corpus statutes to permit those held in custody to challenge the constitutionality of their incarceration. In this civil action, Plaintiff attempts to challenge the constitutionality of his continued incarceration. Under these circumstances, we conclude that Plaintiff may file a petition for habeas corpus, and we therefore refuse to extend Bivens to the factual allegations set forth in

5

Plaintiff's Amended Complaint. Accordingly, we further conclude that Plaintiff has failed to state any claim for relief in the Amended Complaint.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion and Application to Proceed In Forma Pauperis are granted but Plaintiff's Amended Complaint is dismissed because it fails to state a claim on which relief may be granted. Based on the allegations set forth in the Amended Complaint, however, Plaintiff may seek a writ of habeas corpus. Accordingly, our dismissal of the Amended Complaint is without prejudice to Plaintiff filing a petition for writ of habeas corpus. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.